IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CARMEN COX, LISA COX** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | No. 09-CV-3838 |
| | ) | |
| | ) | Judge John F. Grady |
| Chicago Police Officers | ) | |
| **ANDERSON** #3129, **DEADY** #12374, | ) | |
| **CRISTOBAL** #17545, **DURAN** #6515, | ) | |
| **JEDD** #14361, **RAMIREZ** #19248, | ) | |
| **KANE** #521, **TROUTMAN** #18797, | ) | |
| **SIWEK** #10659, and **NAPOLI** # 9560, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' CONSOLIDATED MOTIONS *IN LIMINE*

Plaintiffs, **LISA AND CARMEN COX**, by and through their attorneys, **PATRICK W. BLEGEN**, **NISHAY K. SANAN**, **DANIEL A. RUFO**, and **STEPHEN F. HALL**, pursuant to Rules 401, 402, 403, 404, 608, 609, 801 and 802 of the Federal Rules of Evidence, as well as the Due Process Clause of the Fifth Amendment to the Constitution, respectfully move this Court for its order granting the following motions *in limine*.

**I.     Motion to Bar References to the Arrest History of the Plaintiffs and/or Pending Cases.**

Federal Rule of Evidence 609 allows for the admission of evidence that a witness has been convicted of a crime, in certain instances, for the purpose of attacking the character for truthfulness of a witness. A conviction for a felony is admissible but subject to the balancing test of Federal Rule of Evidence 403. Any conviction, including a misdemeanor, is admissible if "the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

Any reference, question or argument regarding the arrest history and/or pending cases of the Plaintiffs is improper as arrests do not fall into the strictures of Rule 609, and are otherwise precluded by Federal Rule of Evidence 404(b). *See*, *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993) ("evidence of prior bad acts is inadmissible to prove a propensity to commit such acts"). Additionally, should the Defendants seek to introduce evidence of prior convictions on behalf of the Plaintiffs, the Defendants should be required to satisfy the requirements of Rule 609 outside of the presence of the jury prior to eliciting such testimony. Finally, the defendants should be barred from any reference, question or argument related to Mr. Cox's current incarceration or upcoming criminal trials.

## II. Motion to Bar References to Unrelated Instances of Violence Against Police Officers.

Over the years there have been many instances of violence directed against Chicago police officers, including assaults and shootings. However, instances of violence against police officers, unrelated to testimony that will be elicited at trial, are not relevant to the facts of this case and any reference to such instances should be barred. While the Defendants are free to testify objectively to what they believe occurred on the nights in question in this case, it is improper under Federal Rule of Evidence 403 to reference unrelated acts of violence as the probative value of such references is "substantially outweighed by the danger of unfair prejudice."

References to unrelated violence against police officers do not assist the trier of fact in its evaluation of the Plaintiffs' claims. Rather, such references seek to bolster the credibility of police testimony and interject improper justifications for police behavior. As such, the evidence is irrelevant and prejudicial. *See Peters v. City of Chicago*, 09 C 4204, 2011 WL 679911 (N.D.

Ill. Feb. 16, 2011) (Shadur, J.).

**III.   Motion to Bar References to Gang Membership.**

Counsel believe that the Defendants may seek to testify regarding Carmen Cox's alleged gang membership at trial. Such testimony should be barred on the grounds that any alleged gang membership irrelevant and too prejudicial under Federal Rule of Evidence 403. Whether the police officers who arrested Mr. Cox subjectively believed that he was a member of a gang is irrelevant to his claims of false arrest, excessive force, and conspiracy to cause the deprivation of civil rights. Furthermore, references to alleged gang membership would unduly prejudice the trier of fact against Mr. Cox, and improperly affect its evaluation of his claims.

While the Seventh Circuit has "long recognized that gang membership has probative value under appropriate circumstances," no such circumstances exist in this case. *United States v. Thomas*, 86 F.3d 647, 652 (7th Cir. 1996) *quoting United States v. Lewis,* 910 F.2d 1367, 1372 (7th Cir. 1990); *see also Lewis*, 910 F.3d at 1372 ("*United States ex rel. Hairston v. Warden*, 597 F.2d 604 (7th Cir. 1979) (relation between gang activity and motive for murder sufficient to withstand claim of prejudice under Fed.R.Evid. 403); *Clark v. O'Leary*, 852 F.2d 999 (7th Cir. 1988) (witness' membership in rival gang admissible for purposes of impeachment to show bias); *United States ex rel. Garcia v. Lane*, 698 F.2d 900 (7th Cir. 1983) (gang membership of defendant admissible to explain earlier inconsistent statement of witness due to fear of retaliation.").

Here, alleged gang membership has no bearing on the issues at bar. Any mention of a belief on the part of the Defendant police officers that Mr. Cox was a member of a gang would serve no other purpose than to inflame the passions of the jurors and attempt to prey on juror fear

as a reason to find against Mr. Cox.

**IV.     Motion to Bar Introduction of Inadmissible Exhibits.**

In the draft pretrial order to be submitted to Judge Grady on June 15, 2011, the Defendants provide their proposed Exhibit List.  The following categories of evidence are inadmissible and should be excluded: criminal complaint and arrest reports for Lisa Cox (Dfts. EX.2 and Dfts Group EX. 3); arrest reports related to arrest reports (Dfts. EX 9 and Dfts. EX 17), and the General Offense Report for Carmen Cox (Dfts. EX. 14); Carmen Cox's 2001 criminal conviction (Dfts. EX. 20).  These exhibits fall within well defined categories of inadmissible evidence based on hearsay, lack of relevance, undue prejudice and generally prohibited character evidence.

Federal Rules of Evidence 801 and 802 prohibit the introduction of statements at trial when the intended purpose is to prove the truth of the matter asserted in those statements.  Many of the Defense Exhibits fall into this prohibited category without exemption or exception and must be barred.  Many were also prepared in anticipation of litigation and do not qualify as business records.

Similarly, FREs 401 and 402 bar evidence unless it is relevant to a material issue at trial.  Going a step further, FRE 403 will bar evidence, even if it is relevant, if the probative value is substantially outweighed by the danger of unfair prejudice.  In this case, there are numerous pieces of evidence in the Defendants' Exhibit list which fall squarely into the categories of either irrelevant or, if relevant, too prejudicial in light of the probative value offered.  This evidence must be excluded.  For instance, Mr. Cox's prior conviction for aggravated battery to a peace officer, while fitting into the requirements of Federal Rule of Evidence 609, should be precluded

under Rule 403. Given the facts of this case and the nature of Mr. Cox's conviction, any reference, even if used only to challenge his character for truthfulness, will unduly prejudice the trier of fact. Rather, Mr. Cox should be subject only to cross-examination regarding the fact of a felony conviction, but not the specific nature of the offense.

For these reasons, this Court should grant Plaintiffs' above Motion *in Limine* as it pertains to the Defendants' proposed Exhibit List.

## CONCLUSION

For the above-listed reasons the Plaintiffs request this Court grant the instant Motion.

                                      Respectfully submitted,

                                      **s/ Patrick W. Blegen**
                                      One of the attorneys for Plaintiffs, Carmen and Lisa Cox.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

### **CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Plaintiffs' Consolidated Motions *in Limine* was served on June 15, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      **s/ Patrick W. Blegen**
      **PATRICK W. BLEGEN**
      53 West Jackson Boulevard, Suite 1437
      Chicago, Illinois 60604
      (312) 957-0100